United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Kenneth Lamont Upchurch, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-24-3367 |
| | § | |
| Shoukat Dhanani, et al., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS FOR FAILURE TO SERVE DEFENDANTS**

This initial conference in this case has been referred to the undersigned magistrate judge. ECF No. 4. The court recommends that this case be **DISMISSED without PREJUDICE** for failure to serve the Defendants.

Plaintiff Kenneth Lamont Upchurch filed his complaint on September 9, 2024. ECF No. 1. On May 28, 2026, the court held a hearing and ordered Plaintiff to serve the Defendants by June 19, 2026. ECF No. 11. The court warned in its order that failure to comply "will result in a recommendation that this case be dismissed without prejudice for failure to serve the defendants." *Id.*

Under Federal Rule of Civil Procedure (Rule) 4,

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The deadline to serve has passed. There is no filing or other information on the docket indicating that

Plaintiff attempted to serve Defendants. There is no filing or other information on the docket showing good cause for the failure. The court therefore recommends that the case be **DISMISSED without PREJUDICE** for failure to serve the defendants. The conference set for July 9, 2026, is **CANCELED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 26, 2026.

_____
Peter Bray
United States Magistrate Judge